**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.:

MITCHELL WELLER, individually and on behalf of
all others similarly situated,

    *Plaintiff*,

vs.

ENVISION PHYSICIAN SERVICES, LLC, a
Delaware Limited Liability Company,

    *Defendant*.
_____/

## NOTICE OF REMOVAL

Defendant Envision Physician Services, LLC ("Envision") hereby removes this civil action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to Sections 1331, 1441, and 1446 of Title 28 of the United States Code.

### I.    PROCEEDINGS TO DATE

On August 10, 2020, plaintiff Mitchell Weller ("Plaintiff") filed a Complaint (the "Complaint") in the Seventeenth Judicial Circuit in and for Broward County, Florida. A copy a copy of all process, pleadings, and orders served upon Envision, as required under 28 U.S.C. § 1446(a) is attached hereto as **Exhibit A**. The Complaint was served on Envision on or about August 13, 2020. Counsel for Plaintiff agreed to an extension until September 14, 2020 for Envision to respond to the Complaint. In the Complaint, Plaintiff purports to bring a putative class action pursuant to the Telephone Consumer Protection Act, 47. U.S.C. § 227 *et seq*. (the "TCPA"), arising from Envision's alleged violations of the TCPA.

1

## II.     GROUNDS FOR REMOVAL

Plaintiff's action may be removed to federal court because it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's action is removable because it asserts a claim arising under the Constitution, laws, or treatises of the United States and otherwise satisfies 28 U.S.C. § 1441.

Indeed, Plaintiff's Complaint purports to assert a claim under the TCPA, which presents federal questions for resolution.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) ("Beyond doubt, the TCPA is a federal law that both creates the claim [Plaintiff] has brought and supplies the substantive rules that will govern the case.  We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875.  We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("It is established that federal courts have subject matter jurisdiction over TCPA claims."); *see also Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("Congress has included nothing in the TCPA that would preclude removal to federal court."); *see also Haire v. Tampa Truck Driving Sch., Inc.*, No. 8:18-CV-711-T-26MAP, 2018 WL 2763305, at *1 (M.D. Fla. June 8, 2018) ("Original jurisdiction in this case was based on the TCPA."); *Vecchia v. Ally Fin., Inc.*, No. 8:17-CV-2977-T-23AAS, 2018 WL 907045, at *1 (M.D. Fla. Feb. 15, 2018) ("Della Vecchia's TCPA claim invokes original jurisdiction under Section 1331").

### III.  VENUE

Plaintiff's action is pending in state court in Broward County, which is within this judicial district and division.  *See* 28 U.S.C. § 89(c).  This Court is the proper venue for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### IV.  TIMELINESS

Envision was served on or about August 13, 2020.  Envision has sought removal within thirty days from the date that Plaintiff's Complaint was served on and received by Envision.  Accordingly, this Notice of Removal is timely filed.  28 U.S.C. § 1446(b)(1) (stating notice of removal must be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

### V.  NOTICE

As required by 28 U.S.C. § 1446(d), Envision will serve written notice of this Notice of Removal to Plaintiff and will file a copy of it with the clerk of the state court.

[INTENTIONALLY LEFT BLANK]

## VI. CONCLUSION

For the foregoing reasons, Envision respectfully requests that this action, previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court, and that this action proceed as if it had been originally initiated in this Court.

Dated: September 11, 2020

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*/s/ Mark A. Salky*
MARK A. SALKY
Florida Bar No. 58221
salkym@gtlaw.com
STEPHANIE PERAL
Florida Bar No. 119324
perals@gtlaw.com
FLService@gtlaw.com
burkek@gtlaw.com
collazoe@gtlaw.com

and

**GREENBERG TRAURIG, LLP**

One International Place
Suite 2000
Boston, MA  02110
Telephone: (617) 310-6040
Facsimile: (617) 897-0940
*/s/ David G. Thomas*
DAVID G. THOMAS
* *pro hac vice application to be filed*
thomasda@gtlaw.com

*Counsel for Defendant Envision Physician Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

*/s/ Mark A. Salky*
MARK A. SALKY
