# EXHIBIT A



Case Detail - Public - Broward County Clerk of Courts



| |



**Menu ☰**

Are you summoned to report for Jury Duty remotely? Learn more about Remote Jury Duty by Zoom (/Divisions/JuryServices#RemoteJuryDutybyZoom)

Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)

**Read More (/GeneralInformation/Miscellaneous#CoronavirusUpdates) about Broward Courts Coronavirus (COVID-19) updates.**

# Case Detail - Public

**🖶 Print**

## Mitchell Weller Plaintiff vs. Envision Physician Services LLC Defendant

**Broward County Case Number:** CACE20012992
**State Reporting Number:** 062020CA012992AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 08/10/2020
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 04 Perlman, Sandra

## − Party(ies)             Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Weller, Mitchell** | | ★ Eisenband, Michael L, ESQ.<br>Retained<br>Bar ID: 94235<br>BLANK ROME LLP<br>Broward Financial Centre<br>500 E Broward Blvd, Suite 2100<br>Fort Lauderdale, FL 33394<br>**Status: Active** |
| Defendant | **Envision Physician Services LLC** | | |

## − Disposition(s)             Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## − Event(s) & Document(s)             Total: 7

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 09/09/2020 | **Notice of Appearance** | Party: *Plaintiff* Weller, Mitchell | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 08/18/2020 | **Summons Returned Served** | August 13, 2020 at 11:20 am<br>Party: *Defendant* Envision Physician Services LLC | 📄 | 2 |
| 08/11/2020 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | NONE | 📄 | 1 |
| 08/10/2020 | **Civil Cover Sheet** | Amount: $10,000,000.00 | 📄 | 2 |
| 08/10/2020 | **eSummons Issuance** | Envision Physician Services, LLC | 📄 | 1 |
| 08/10/2020 | **Complaint (eFiled)** | | 📄 | 12 |
| 08/10/2020 | **Civil Cover Sheet** | Amount: $10,000,000.00 | 📄 | 2 |

**−**   Hearing(s)                             Total: 0

**There is no Disposition information available for this case.**

**−**   Related Case(s)                        Total: 0

**There is no related case information available for this case.**

## Brenda D. Forman

# Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)  ›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)  ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)  ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)  ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)  ›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)  ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)     ♿

PRINT  🖨

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)  ›

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)  ›

## Main Courthouse Location

201 SE 6th Street  ⌃

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

---

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) › *PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) › *PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send
electronic mail to this entity.
Instead, contact this office by phone or in writing.
© 2020 - All rights reserved

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

MITCHELL WELLER, individually and on behalf of                    CLASS ACTION
all others similarly situated,

    *Plaintiff,*                                                                    JURY TRIAL DEMANDED

vs.

ENVISION PHYSICIAN SERVICES, LLC, a
Delaware Limited Liability Company,

    *Defendant.*

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:

    Envision Physician Services, LLC
    Attn: Corporation Service Company- Registered Agent
    1201 Hays Street
    Tallahassee, FL 32301

    Each Defendant is required to serve written defenses to the Complaint or petition on**:
Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**,
within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____ AUG 11 2020 _____, 2020.

                      As Clerk of the Court

                      By: _____

                      As Deputy Clerk

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Mitchell Weller</u>
 Plaintiff
vs.
<u>Envision Physician Services, LLC</u>
Defendant

II. **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>10,000,000</u>

III. **TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☒ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☐ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

MITCHELL WELLER, individually and on behalf of          CLASS ACTION
all others similarly situated,

   *Plaintiff*,                                                   JURY TRIAL DEMANDED

vs.

ENVISION PHYSICIAN SERVICES, LLC, a
Delaware Limited Liability Company,

   *Defendant*.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mitchell Weller, brings this class action against Defendant, Envision Physician

Services, LLC , and alleges as follows upon personal knowledge as to himself and his own acts

and experiences, and, as to all other matters, upon information and belief, including investigation

conducted by his attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq*., ("TCPA"), arising from Defendant's violations of the TCPA.

1.    Defendant is a medical group and healthcare management organization.

2.    To solicit new paying clients, Defendant engages in unsolicited marketing with no

regard for privacy rights of the recipients of those messages.

3.    Defendant caused thousands of unsolicited text messages to be sent to the cellular

telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy,

aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

5.      Plaintiff at all times relevant hereto was an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Miami-Dade County, Florida, and the subscriber and user of the cellular telephone number (786) ***-4711 (the "4711 Number").

6.      Defendant is a Delaware limited liability company with a principal of business in Plantation, Florida. Defendant directs, markets, and/or provides substantial business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

7.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida via an ATDS and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida.  Plaintiff received such messages while residing in and physically present in Florida.

8.      Venue for this action is proper in this Court because Defendant resides in Broward County and has, or usually keeps, an office for transaction of its customary business in Broward County. See §§ 47.011, 47.051, Florida Statutes.

9.      All facts giving rise to this action occurred in the State of Florida.

10.     Plaintiff has standing to maintain this action because he suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy

**THE TCPA**

11.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

12.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13.     The TCPA exists to prevent communications like the ones described within this Complaint.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

17.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## **FACTS**

18.     Beginning on or about March 3, 2020 and continuing up until June 3, 2020, Defendant sent the following text messages to Plaintiff's cellular telephone number ending in 4711 ("4711 Number"):



19.     On March 12, 2020, Plaintiff replied with the word "Stop" in an attempt to opt-out of any further text communication with defendant.

20.     Despite Plaintiff's use of Defendant's preferred opt-out language, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff further automated text messages on or about March 23, 2020, April 2, 2020, and April 13, 2020.

21.     On April 13, 2020, Plaintiff again replied with the word "Stop" in another attempt to opt-out of any further text communication with defendant.

22.     Despite Plaintiff's use of Defendant's preferred opt-out language, Defendant again ignored Plaintiff's opt-out demands and sent Plaintiff more automated texts.

23.     Plaintiff replied with the word "Stop" in an attempt to opt-out of text communications with Defendant again on May 11, 2020 and on June 1, 2020.

24.     Only after Defendant received written correspondence from Plaintiff's counsel did Defendant finally notified Plaintiff that he had successfully opted-out on June 3, 2020.

25.     At no point in time did Plaintiff provide Defendant with his express consent to be contacted by text message.

26.     Plaintiff is the sole user and/or subscriber of the 4711 Number.

27.     The number used by or on behalf of Defendant (919-62) is known as a "short code," a standard 5-digit phone number that enabled Defendant to send SMS text messages en masse, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

28.     Short codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which

are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a short code.

29.     Further, the impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the messages.

30.     To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

31.     The Platform has the capacity to store telephone numbers.

32.     The Platform has the capacity to generate sequential numbers.

33.     The Platform has the capacity to dial numbers in sequential order.

34.     The Platform has the capacity to dial numbers from a list of numbers.

35.     The Platform has the capacity to dial numbers without human intervention.

36.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

37.     To transmit the messages at issue, the Platform automatically executed the following steps:

> (1) The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;
>
> (2) The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content;

(3) Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

(4) Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

38.     The above execution of Defendant's instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

39.     The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



## CLASS ALLEGATIONS

### PROPOSED CLASS

40.     Plaintiff brings this action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of the following "Class" (including "Class Members" and "Members")

**No Consent Class: All persons within the United States who, within the four years prior to the filing of this**

Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number.

**Revocation Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.

41.     Defendant and their employees or agents are excluded from the Class.

42.     Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

43.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

44.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

45.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

(2) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

(3) Whether Defendant conduct was knowing and willful;

(4) Whether Defendant are liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

46.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

47.     Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

48.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

49.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits.

The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

50.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

51.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

52.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

53.     The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

54.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make

non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

55.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

56.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

57.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mitchell Weller, on behalf of himself and the other members of the Class, prays for the following relief:

a.      A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.      An injunction prohibiting Defendant from using an automatic telephone dialing system to call telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d.      An award of actual, statutory damages, and/or trebled statutory damages; and

e.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic

databases or other itemization of telephone numbers associated with Defendant and the calls as alleged

herein.


Dated: August 10, 2020

**SHAMIS & GENTILE, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, PA**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

**HIRALDO P.A.**
/s/ Manuel Hiraldo
Manuel S. Hiraldo. Esq.
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: 954.400.4713

*Counsel for Plaintiff and the Class*

# RETURN OF SERVICE

State of Florida                      County of Broward                      Circuit Court

Case Number: CACE-20-012992

Plaintiff:
MITCHELL WELLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED



KDY2020028695

vs

Defendant:
ENVISION PHYSICIAN SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

For:
SHAMIS & GENTILE, P.A.

Received by GLOBAL PROCESS SERVICES CORP. on the 13th day of August, 2020 at 9:59 am to be served on ENVISION
PHYSICIAN SERVICES, LLC ATTN: CORPORATION SERVICE COMPANY - REGISTERED AGENT, 1201 HAYS STREET,
TALLAHASSEE, FL 32301.

I, Christopher S Kady, do hereby affirm that on the **13th day of August, 2020** at **11:20 am, I:**

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the
SUMMONS, CLASS ACTION COMPLAINT and DEMAND FOR TRIAL BY JURY with the date and hour of service endorsed
thereon by me, to: Ronnie Long as Service Liaison authorized to accept service, of the within named corporation, at the address
of: 1201 HAYS STREET, TALLAHASSEE, FL 32301 on behalf of ENVISION PHYSICIAN SERVICES, LLC, and informed said
person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 30, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 145, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the
judicial circuit in which the process was served.                      "Under penalties of perjury, I declare that I
have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher S. Kady
Process Server #237

GLOBAL PROCESS SERVICES CORP.
P.O. Box 961556
Miami, FL 33296
(786) 287-0606

Our Job Serial Number: KDY-2020028695
Ref: 20-2260

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

**In the Circuit Court of the Seventeenth Judicial Circuit**
**In and for Broward County, Florida**

Mitchell Weller

Plaintiff              Case No: CACE 20 · 12992

vs.

                                       Judge:
                                       Division:

Defendant

EnVision physician Services LLC

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:    NONE



Brenda D. Forman
Circuit and County Courts

By: _____ KETORRA BURCH _____

Deputy Clerk

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO. CACE20012992

MITCHELL WELLER, individually and on behalf of          CLASS ACTION
all others similarly situated,

    *Plaintiff,*          JURY TRIAL DEMANDED

vs.

ENVISION PHYSICIAN SERVICES, LLC, a
Delaware Limited Liability Company,

    *Defendant.*

_____/

### NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

    PLEASE TAKE NOTICE that Michael Eisenband of the law firm of Eisenband Law, P.A.

enters his appearance in this case as additional counsel for Plaintiff Mitchell Weller and requests that

copies of all pleadings, motions, orders, notices, correspondence, and documents of any kind regarding

the above-styled cause be served upon said counsel.

Date: September 9, 2020.

    Respectfully submitted,

    **EISENBAND LAW, P.A.**
    515 E. Las Olas Boulevard, Suite 120
    Ft. Lauderdale, Florida 33301

    */s/ Michael Eisenband*
    Michael Eisenband
    Florida Bar No. 94235
    Email: MEisenband@Eisenbandlaw.com
    Telephone: 954.533.4092
    *Counsel for Plaintiff*