**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:20-cv-61849-SMITH/VALLE

MITCHELL WELLER, individually and on behalf of
all others similarly situated,

    *Plaintiff*,

vs.

ENVISION PHYSICIAN SERVICES, LLC, a
Delaware Limited Liability Company,

    *Defendant*.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

Defendant Envision Physician Services, LLC ("Envision"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff's Motion to Remand (ECF No. 7) (the "Motion") and Memorandum of Law in support thereof :

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

In *Mims v. Arrow Fin. Servs., LLC*, a decision cited in Plaintiff's Complaint, the Supreme Court made clear that federal district courts have jurisdiction over *federal claims* asserted under the Telephone Consumer Protection Act—a *federal statute*. *See* 565 U.S. 368, 372 (2012). Indeed, the Supreme Court could discern "no convincing reason" to find otherwise. *See id.* Plaintiff nonetheless insists on pursuing his *federal TCPA claim* in *state court* in an attempt to evade the Eleventh Circuit's decision in *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1314 (11th Cir. 2020) that, if applied, would likely be fatal to Plaintiff's claims because the system used to send the text messages at-issue here likely does not qualify as an automatic telephone dialing

1

system ("ATDS") under *Glasser*. This is pure gamesmanship. If Plaintiff were successful here (he is not), he would evade unquestionable federal court jurisdiction of his claims (and, potentially, Eleventh Circuit case law as to the merits of those claims) by purposefully failing to allege "tangible and intangible harm" that he will ultimately seek to recover in the underlying state court matter. Envision's Notice of Removal (ECF No. 1), however, was proper and effectively removed this matter to this Court—as it had the unfettered right to do. And despite his efforts to the contrary, Plaintiff's Complaint also alleges the requisite concrete injury to establish Article III standing pursuant to the Eleventh Circuit's guidance in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019) and is distinguishable from the case law relied on by Plaintiff in his Motion. Consequently, the Court should deny Plaintiff's Motion to Remand.

II. **FACTUAL BACKGROUND**

Plaintiff Mitchell Weller ("Plaintiff") initiated a lawsuit in Florida state court against Envision by filing a Class Action Complaint and Demand for Jury Trial (the "Complaint") on August 10, 2020 in the matter styled *Weller v. Envision Physician Services, LLC*, Case No. CACE-20-012992, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Court Matter"). In his Complaint, Plaintiff brings one count against Envision for violations of the Telephone Consumer Protection Act, 47 U.S.C. 227(b), (the "TCPA") on behalf of himself and the putative class. Plaintiff alleges that Envision has caused him and the putative class "injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass and conversion." Compl. ¶ 3. Plaintiff also alleges that he "suffered a legal injury as a result of Defendant's violations of the TCPA," *id.* ¶ 10, and that Envision is "liable for damages . . . in the millions of dollars" for its purported violations of the TCPA. *Id.* ¶¶ 45–49.

On September 11, 2020, Envision filed its Notice of Removal (ECF No. 1) removing the State Court Matter to this Court.  Plaintiff then filed his Motion on September 18, 2020, seeking to remand this matter back to Florida state court.  In his Motion, Plaintiff argues that Envision "bears the burden of establishing that Plaintiff has Article III standing to remain in federal court" but that it cannot do so here because "the operative pleading references no tangible harm that the Plaintiff may have suffered as a result of Defendants unsolicited text messages."  Mot. at 5–6.  Plaintiff's Motion relies heavily on the decisions issued in *Jenkins v. Simply Healthcare Plans, Inc.*, No. 20-22677-CIV, 2020 WL 4932105 (S.D. Fla. Aug. 17, 2020) and *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-CIV, 2020 WL 3977142 (S.D. Fla. July 14, 2020) to support its argument that the Complaint here does not contain sufficient allegations to meet Article III's standing requirements.

**III.     ARGUMENT**

Plaintiff's Motion should be denied because (1) Envision's Notice of Removal was proper under  28 U.S.C. § 1446 and Envision was not required to prove Plaintiff's standing in the Notice and (2) Plaintiff's Complaint contains allegations sufficient enough to confer Article III standing over Plaintiff pursuant to *Salcedo*.

    A.     <u>Envision's Notice of Removal was Proper and Envision was Not Required to Prove Plaintiff's Article III Standing in the Notice.</u>

Envision was entitled to remove this matter to this Court because it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Indeed, federal district courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and the State Court Matter was removable because Plaintiff's Complaint asserts TCPA claims arising

3

under the laws of the United States.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).  As explained by the Eleventh Circuit Court of Appeals:

> Beyond doubt, the TCPA is a federal law that both creates the claim [plaintiff] has brought and supplies the substantive rules that will govern the case.  We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875.  We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

*See id.*; *see also*, *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("It is established that federal courts have subject matter jurisdiction over TCPA claims.").

Moreover, Envision's Notice of Removal complied with the requirements of 28 U.S.C. § 1446.  Section 1446(a) provides that a defendant "desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal."  *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  Contrary to Plaintiff's argument (Mot. at 2–4), "alleg[ing] Plaintiff's standing . . . is clearly not what the law requires."  *See Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018).  Courts in this Circuit repeatedly hold that a notice of removal does not need to allege a plaintiff's standing to evoke federal question jurisdiction.  *See Navtech US Surveyors USSA Inc. v. Boat/Us Inc.*, 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) ("§ 1441 does not require proof of standing"); *Gonzalez*, 2018 WL 4292018, at *2 ("Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. That is clearly not what the law requires."); *Marrero v. GEICO Gen. Ins. Co.*, No. 12-80133-CIV, 2012 WL 13024105, at *3 (S.D. Fla. May 16, 2012) ("whether the plaintiff has constitutional standing to sue . . . [has] no bearing on the jurisdictional facts relevant to a determination of the existence of diversity jurisdiction.  Thus, because § 1332's requirements were satisfied, the case was removable.").  Envision's Notice

of Removal adequately set forth a short and plain statement detailing that Envision was removing the State Court Matter to this Court because Plaintiff's claims against it arise under the TCPA, a federal statute that this Court has original jurisdiction over. The Court should therefore retain jurisdiction over this matter.

      B.    <u>Plaintiff's Complaint Adequately Alleges a Concrete Injury for Article III Standing.</u>

Even if Envision had the burden to prove standing, Plaintiff's standing is evident from his pleadings. Article III standing requires a plaintiff to allege " (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992) (quotation marks omitted). "An injury in fact must be concrete [] as opposed to being hypothetical or speculative." *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019). Plaintiff relies heavily on *Mittenthal* and *Jenkins* to argue that he has not adequately alleged Article III standing under *Salcedo* in the Complaint; however, those decisions are distinguishable and Plaintiff's Complaint here complies with the requirements as set forth in *Salcedo*.

Specifically, in *Mittenthal*, the defendants sought removal where the plaintiffs had alleged that they received various unsolicited text messages. 2020 WL 3977142 at *1. When ruling on plaintiff's motion for remand, Judge Altman found that removal was improper because the complaint did not "explain *how* receiving these messages harmed Plaintiffs." *Id.* In reaching that conclusion, Judge Altman highlighted that that the complaint did not "reference[] any *tangible* harm" nor did it reference any "wasted time []or any other intangible harm in their Complaint." *Id.* at *8 (emphasis in original). The complaint there also did not "suggest that each message took the Plaintiffs at least five seconds to read" nor did it "even allege that the Plaintiffs ever *read the messages at all*." *Id.* (emphasis in original). Likewise, in *Jenkins*, Judge Altonaga found that the

5

complaint was a "model of brevity, devoid of *any* allegations showing concrete harm" arising from the plaintiff's "receiving [of] a single unsolicited text message." 2020 WL 4932105, at *2. Indeed, like in *Mittenthal*, Judge Altonaga found that there were "*no* other allegations of tangible or intangible harm." *Id.* (emphasis in original).

Here, in stark contrast, and assuming the allegations in the Complaint are true for the purposes of Plaintiff's Motion, Plaintiff's Complaint does set forth concrete injury sufficient to meet Article III standing requirements. Unlike the complaint in *Mittenthal*, here it is very clear that Plaintiff did read the text messages purportedly sent by Envision. Plaintiff, in fact, alleges that he texted Envision "Stop" *four times* "in an attempt to opt-out of [] text communications." Compl. ¶¶ 19–23. Texting "stop" four times certainly suggests that Plaintiff not only read the text messages, but also took a non-insignificant amount of time to respond to Envision's purported text messages. This already rises to a level of *concrete* harm that was not present in *Mittenthal* or *Jenkins*. Moreover, the Complaint also sets forth various allegations of harm and damages sufficient to confer Article III standing. For instance, in Paragraph 3 of the Complaint, Plaintiff alleges that "Defendant caused thousands of unsolicited text messages to be sent to the cellular telephones of Plaintiff and Class Members, causing them ***injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion***." (Emphasis added). Plaintiff also alleges that "the damages sustained by the Class are in the millions of dollars." *Id.* ¶ 49. Stated simply, Plaintiff's reliance on *Mittenthal* and *Jenkins* is misplaced. "Annoyance" and feeling forced to respond to multiple text messages over a span of several months are precisely the type of "allegations of wasted time [that] can state a concrete harm for standing purposes." *Salcedo*, 936 F.3d at 1173.

### IV.      CONCLUSION

For the foregoing reasons, Envision respectfully requests that the Court deny Plaintiff's Motion and retain jurisdiction over this matter.

Dated: October 2, 2020

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*/s/ Mark A. Salky*
MARK A. SALKY
Florida Bar No. 58221
salkym@gtlaw.com
STEPHANIE PERAL
Florida Bar No. 119324
perals@gtlaw.com
FLService@gtlaw.com
burkek@gtlaw.com
collazoe@gtlaw.com

and

**GREENBERG TRAURIG, LLP**

One International Place
Suite 2000
Boston, MA  02110
Telephone: (617) 310-6040
Facsimile: (617) 897-0940
*/s/ David G. Thomas*
DAVID G. THOMAS
* *pro hac vice application to be filed*
thomasda@gtlaw.com

*Counsel for Defendant Envision Physician Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of Court, using CM/ECF.  I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

                                                  */s/ Mark A. Salky*
                                                  MARK A. SALKY